IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN WALKER, )
)
Plaintiff, )
)
v. ) Case No. 19-cv-2005-DDC-TJJ
)
NEWMAN UNIVERSITY, INC., et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 60). Plaintiff seeks leave to amend his complaint to add counts for malicious prosecution and abuse of process. Defendants jointly oppose the motion. Upon consideration of the matter, the Court finds the motion should be granted.

### Background

On January 3, 2019, Plaintiff filed his Complaint asserting four counts against Newman University, Inc., and two counts against Newman and Kimberly McDowell-Long. He has since sought and been granted leave to file First[1] and Second[2] Amended Complaints. Plaintiff's current allegations assert alleged discriminatory and retaliatory actions related to the end of his employment in January 2018, as well as counts for defamation and invasion of privacy. Plaintiff now seeks to add counts for malicious prosecution and abuse of process against both Defendants related to conduct occurring in and around May 2019. Plaintiff timely filed the motion.[3]

---

[1] ECF No. 15.

[2] ECF No. 32.

[3] *See* ECF No. 49.

1

Defendants filed a joint response objecting to the proposed amendment. Defendants argue both counts are futile and the motion is unduly prejudicial and brought in bad faith.

Legal Standard

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading once "as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[4] Other amendments are allowed "only with the opposing party's written consent or the court's leave."[5] Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[6] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[7] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[8]

---

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[7] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[8] *Id.* (quoting *Foman*, 371 U.S. at 182).

In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[9] Therefore, the court will deny an amendment on the basis of futility only when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented a claim to relief that is plausible on its face.[10] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[11] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[12] The party opposing the proposed amendment bears the burden of establishing its futility.[13]

## Analysis

It is well settled that a court may deny a motion to amend as futile if the proposed amendment would not withstand a motion to dismiss or if it otherwise fails to state a claim.[14] Dismissal of a claim under Rule 12(b)(6) is appropriate only when it appears "beyond a doubt" that a party can prove no set of facts in support of the theory of recovery that would entitle it to

---

[9] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[10] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11] *Twombly*, 550 U.S. at 555.

[12] *Id.* at 556.

[13] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[14] *Bratcher v. Biomet Orthopedics, LLC*, No. 19-cv-4015-SAC-TJJ, 2019 WL 2342976, at *5 (D. Kan. June 3, 2019) (citing *Lyle v. Commodity Credit Corp.*, 898 F. Supp. 808, 810 (D. Kan. 1995)).

relief.[15] The issue before this Court is therefore not whether Plaintiff ultimately will prevail on his claims for malicious prosecution and abuse of process, but whether he is entitled to offer evidence to support his allegations.[16]

Defendants recite the correct legal standard for determining futility and argue the facts as alleged in the proposed Third Amended Complaint cannot establish certain elements of abuse of process or malicious prosecution. However, much of their argument misses the mark. Defendants portray Plaintiff as alleging "that because Dr. Long was represented in her Petition for Protection from Stalking by the same counsel that represents her in the present civil matter, that Defendants abused proper court process,"[17] and "that because Dr. Long was not granted an Order of Protection, that Dr. Long acted without probable cause."[18] On the contrary, Plaintiff alleges specific facts related to each element of each cause of action.

The elements of a claim for abuse of process are (1) the existence of an ulterior purpose and (2) an act in the use of such process not proper in the regular prosecution of the proceeding.[19] The elements of a claim for malicious prosecution are (1) the defendant initiated the proceedings of which complaint is made; (2) the defendant acted without probable cause; (3)

---

[15] *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998).

[16] *Beach v. Mutual of Omaha Ins. Co.,* 229 F. Supp. 2d 1230, 1234 (D. Kan. 2002).

[17] ECF No. 64 at 5.

[18] *Id.* at 7.

[19] *Porter v. Stormont-Vail Hosp.*, 621 P.2d 411, 416 (Kan. 1980).

the defendant acted with malice; (4) the proceedings terminated in favor of the plaintiff; and (5) the plaintiff sustained damages.[20]

Plaintiff alleges that Dr. Long filed a false and meritless Petition for Protection from Stalking Order (PFS Petition) against Plaintiff, and that Newman approved, encouraged, financed, and ratified the Petition. Plaintiff describes as false some of the accusations of the PFS Petition, which Dr. Long verified under oath, and certain of the evidence introduced at the hearing. Plaintiff notes the action terminated in his favor when the court denied the PFS Petition, and points out that the concomitant award of attorney's fees to him was made under the statutory grant of authority to award fees to the defendant "in any case where the court finds that the petition to seek relief pursuant to this act is without merit."[21]

On the same day Dr. Long filed the PFS Petition, she filed a police report with the Wichita Police Department that Plaintiff believes contains the same allegations the PFS action judge found to be meritless. Plaintiff further alleges that Dr. Long was represented in the hearing by counsel who was also representing Newman in this action at the same time, and that counsel questioned Plaintiff during the hearing about matters pertinent to this case. And according to recent deposition testimony (as set forth in the proposed Third Amended Complaint), Newman's insurance company paid counsel's fees for representing Dr. Long in the PFS action, and Newman's president spoke with Dr. Long about her PFS action. Plaintiff asserts the allegedly meritless PFS action is further retaliation against Plaintiff, and that Newman ratified Dr. Long's PFS actions.[22]

---

[20] *Lindenman v. Umscheid*, 875 P.2d 964, 974 (Kan. 1994).

[21] K.S.A. 60-31a06(f).

[22] Proposed Third Amended Complaint (ECF No. 65-2) ¶¶ 120-38.

In the count asserting abuse of process, Plaintiff contends the filing of the PFS Petition and police report that contained false and meritless allegations constituted the knowing illegal, improper and/or unauthorized use of legal processes for the purpose of harassing or causing great hardship or inconvenience to Plaintiff, in retaliation, and to gain evidence from Plaintiff to use in this action. Plaintiff asserts Dr. Long acted in the course and scope of her employment with Newman, with Newman's participation, authority, consent, and ratification, and that Newman is vicariously liable for her conduct.[23] Plaintiff alleges she was damaged as a result of the above-described conduct.

Similarly, in the count asserting malicious prosecution, Plaintiff alleges Defendants acted without probable cause and with malice, and that she was damaged as a result of the above-described conduct.[24]

Accepting Plaintiff's well-pleaded factual allegations as true, the Court concludes that the additional counts for abuse of process and malicious prosecution are not futile. Plaintiff has alleged facts which, if true, satisfy each of the elements of those causes of action.

Defendants also argue Plaintiff's motion should be denied because certain allegations have no purpose other than prejudice. Specifically, Defendants assert the only reason Plaintiff mentions that the counsel who appeared on Dr. Long's behalf at the hearing was at the same time representing Newman in this action is to prejudice Defendants and confuse the jury. However, as Plaintiff makes clear, the purpose is to support his allegation that Newman authorized, ratified, consented to, and participated in Dr. Long's actions. Defendants do not demonstrate

---

[23] *Id.* Count VII.

[24] *Id.* Count VIII.

prejudice and offer no explanation of how the allegation would cause jury confusion. Similarly, Defendants object to Plaintiff's mention of insurance coverage as entirely inappropriate, immaterial, impertinent, scandalous, and done in bad faith because insurance coverage is not admissible as evidence of liability. Again, Plaintiff explains the reason for mentioning that Newman's insurance company paid the attorney's fees for counsel to appear on Dr. Long's behalf at the PFS hearing is to show that Newman authorized, ratified, consented to, and participated in Dr. Long's actions. Defendants have not demonstrated that Plaintiff has any improper purpose in seeking to amend his complaint.

Finally, Defendants contend Plaintiff cannot state a viable claim for abuse of process or malicious prosecution by Newman because Newman did not institute the PFS Petition or engage in the acts that Plaintiff alleges are the basis of either claim. But Plaintiff sets forth facts which allege Newman knew about and approved of Dr. Long's actions, and that during the course of the hearing on the PFS Petition counsel sought to obtain evidence from Plaintiff to use on Newman's behalf in this lawsuit. Plaintiff contends that Newman is therefore vicariously liable. The claim against Newman has facial plausibility because Plaintiff pleads facts that allow the court "to draw the reasonable inference that [Newman] is liable for the conduct alleged."[25]

The Court concludes that Plaintiff's proposed Third Amended Complaint is not futile, is not asserted for an improper purpose, and alleges sufficient facts to state a claim against both Defendants. Plaintiff should be afforded the opportunity to offer evidence to support his allegations. Defendants suffer no prejudice from the amendment, and the Court finds that justice requires granting Plaintiff's motion.

---

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint (ECF No. 60) is **GRANTED**. In accordance with D. Kan. Rule 15.1(b), Plaintiff shall electronically file and serve his Third Amended Complaint within five business days of the date of this order.

**IT IS SO ORDERED.**

Dated this 30th day of September, 2019 at Kansas City, Kansas.

                                                          Teresa J. James
                                                          U. S. Magistrate Judge