**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

JOHN WALKER,

    Plaintiff,

v.

NEWMAN UNIVERSITY, INC., *et al.*,

    Defendants.

Case No.: 2:19-cv-02005-DDC-TJJ

**DEFENDANT NEWMAN UNIVERSITY INC.'S OBJECTIONS
AND ANSWERS TO PLAINTIFF'S FIRST INTERROGATORIES**

Defendant Newman University, Inc. ("Defendant"), by the undersigned counsel of record, answers Plaintiff's First Set of Interrogatories as follows:

**PRELIMINARY STATEMENTS**

1. The following answers and objections are based on information presently available to Defendant, which Defendant believes to be correct. These answers are made without prejudice to Defendant's right to utilize subsequently discovered facts and documents.

2. The fact that Defendant has provided the information below is not an admission that it accepts or admits the relevance or admissibility of this information at trial.

3. Answers to these interrogatories may be supplemented upon Defendant's further analysis, investigation and acquisition of information.

4. Any statement that non-privileged, responsive documents will be produced should not be construed as an admission that any responsive documents exist.

These preliminary statements are incorporated into each of the responses set forth below.

4851-4784-7069.1

## INTERROGATORIES

1.     Identify all conversations and written communications that are related to the contention in the Notice of Non-Reappointment that Plaintiff was perceived as threatening to his colleagues and students.

**ANSWER:**

**Objection: As written Plaintiff's request seeks attorney-client communications and attorney work product.  Plaintiff's request is broad enough to encompass communications between Defendant and their counsel conducted for the purpose of obtaining legal advice and written documents made in anticipation of litigation.  Privileged information will not be identified.**

**Defendant identifies the information contained in response to Interrogatories Nos. 5 and 6 as responsive to this request.**

**On December 8, 2017, Jill Fort met with Provost Kim Long to discuss student and faculty complaints regarding Plaintiff's behavior.  Provost Long memorialized this conversation in an e-mail to Jennifer Gantz on December 10, 2017.**

**President Noreen Carrocci, her Cabinet, and Security Director Mo Floyd discussed the concerns raised by faculty and staff on Monday January 8, 2018.**

2.     Was John Walker the subject of any investigation by Defendant or any of its agents during the 2017-2018 academic year, and if so please state who conducted the investigation, identify each person interviewed as part of the investigation, and identify who received the results of the investigation.

**ANSWER:**

**Objection: Plaintiff's request may implicate the attorney-client privilege and work product doctrine by requesting the identification of any "investigation" which could include investigations performed by counsel in anticipation of this litigation. Privileged information will not be provided. Any investigations performed for the purpose of this litigation, or in anticipation thereof, will not be identified.**

**Defendant further objects to this request as vague. Defendant is unsure how Plaintiff is defining this term "investigation" and cannot ascertain whether Plaintiff would consider reviewing complaints received as an "investigation" or if he is seeking other information through this interrogatory. Defendant construes the term "investigation" to be an inquiry involving inappropriate conduct or conduct perceived to be inappropriate and limits this interrogatory to that definition.**

**Subject to the above objections and limitation, other than the review of complaints received from students and faculty members discussed in Interrogatories Nos. 5 and 6, and the reasons Plaintiff's contract was not renewed provided in Interrogatory No. 8, Plaintiff was not subject of any "investigation."**

3.     Identify each person who had access to Plaintiff's email from August 2017 through his termination, including the dates of any access, changes to his passwords and whom his email was forwarded to.

**ANSWER:**

**Objection: Plaintiff's request is vague, unduly burdensome, the information requested is more readily available to Plaintiff than Defendant, and compound. Plaintiff's request is**

vague because it is unclear as to what Plaintiff means by "Plaintiff's e-mail." To the extent Plaintiff is referring to any e-mail account other than his Newman University e-mail account, Defendant cannot reasonably ascertain the information Plaintiff is requesting because such accounts are in Plaintiff's control. Defendant objects to this interrogatory to the extent it seeks information pertaining to any account other than his Newman University e-mail account. Defendant also objects because this interrogatory is compound. As written, Plaintiff's interrogatory assumes he was terminated—he was not. Defendant will limit this interrogatory to the date his contract was not renewed rather than his so-called "termination."

Further, Plaintiff's request is unduly burdensome by requesting all dates of access to his e-mail, and to whom e-mails were forwarded. Plaintiff had access to his e-mail during the relevant time period. Defendant cannot reasonably know every time Plaintiff accessed his own e-mail account and to whom he forwarded e-mails. Determining that information, which is within Plaintiff's personal knowledge, would present an undue burden upon Defendant. Defendant will limit this interrogatory to persons other than Plaintiff who had access to his Newman e-mail account.

Subject to the above objections and limitations Defendant identifies:

Harry Sherbet—Newman's ITV Manager and Tech Line Coordinator

- **Date of Access: Approximately November 27, 2017**
- **At Plaintiff's request and with his permission, Mr. Sherbet reset Plaintiff's password after it expired on approximately November 21, 2017**
- **Mr. Sherbet did not forward any e-mails**

Further, following a password reset, Defendant's IT staff would have access to the account until the password is reset again. Defendant does not have a list of dates of every password reset on Plaintiff's e-mail account from August 2017 until his contract ended with

**Defendant, because it does not log every password reset request. Defendant's IT staff did not forward any of Plaintiff's e-mails during the specified time period. Defendant's IT staff at that time consisted of:**

- **Icer Vaughan**
- **Michael Mooney**
- **Diane Cotter**
- **Windell Hambrick**
- **Kelly McCarthy**
- **Jessie Smith**
- **Mark Graber**
- **Harry Sherbet**

4. With regard to any response of Defendant to Plaintiff's EEOC discrimination, harassment and retaliation complaint, please identify all investigations conducted by Defendant by providing the inclusive dates of any investigation; who conducted the investigation; who was interviewed during the investigation; and date(s) of all interviews.

**ANSWER: Objection. This request seeks information covered by the Attorney-Client Privilege and Work Product Doctrine. Plaintiff's request infringes upon the attorney-client privilege by seeking communications between client and counsel for the purpose of obtaining legal advice pertaining to Plaintiff's Charge of Discrimination. Plaintiff is also seeking the identity of investigations conducted by Defendant in response to an EEOC Charge. Any investigations were conducted by/or at the direction of Defendant's counsel in anticipation of**

**this litigation. These investigations, made in anticipation of litigation are work product and privileged. Defendant will not produce the privileged information.**

5.  Please identify each student at Newman University who made a complaint about Plaintiff in the 2017-2018 academic year, and for each student, please state the date of the complaint, the recipient of the complaint, and the principal and material facts or the substance of the complaint.

**ANSWER:**

**Objection: Plaintiff's request is overbroad and vague. Plaintiff requests the identity of each student at Newman University who made a complaint about Plaintiff. The word "complaint" is vague because Defendant cannot reasonably ascertain the universe of potentially responsive information. As written, Plaintiff's request would require Defendant to determine every student who had even a minor grievance with Plaintiff during the 2017-2018 academic year even if that minor grievance was not presented to any person with decision making authority at Newman. Accordingly, Plaintiff's request is overbroad. Defendant further objects to this request as being unduly burdensome concerning the identity of students. Plaintiff's Interrogatory seeks information regarding private student information derived from student records protected by Federal statute—FERPA. Defendant cannot reasonably identify the complainant or the substance of the complaint without violating Federal statute.**

6.  Please identify each employee of Newman University who made a complaint about Plaintiff in the 2017-2018 academic year, and for each employee, please state the date of the complaint, the recipient of the complaint, and the principal and material facts or the substance of the complaint.

**ANSWER:**

Objection: Plaintiff's request is overbroad and vague. The word "complaint" is vague because Plaintiff could be referring to formal complaints filed by employees or informal complaints/minor grievances between Plaintiff and an employee. Defendant cannot reasonably ascertain the potential universe of potentially responsive information based on the overbroad and vague word "complaint." Defendant will answer this request by limiting this interrogatory to formal complaints provided to Plaintiff's department chair, supervisor, President, the President's Cabinet, and/or the human resources department. Defendant does not represent that the answers herein are all facts concerning the complaint.

Defendant identifies:

**Father Joseph Gile** on November 3, 2017 reported to Provost Kim Long regarding an unusual meeting he had with Plaintiff in his office. Father Gile reported that he was concerned with Plaintiff's unprofessional behaviors during their meeting—including Plaintiff making statements that raised concerns for the safety of Newman University personnel and students. Father Gile made a written report arising from this conversation.

**Icer Vaughan**, on November 26, 2017, made a complaint to Vic Trilli concerning Plaintiff interrogating him under the guise of a Title IX investigation but asking questions wholly unrelated to the investigation. Such questions included, but are not limited to:

- Why Mr. Vaughn used a P.O. Box for his address
- Where and why certain security cameras were located where they were located
- Questions concerning the car Mr. Vaughan drove
- Questions concerning Mr. Vaughan's home

Mr. Vaughan thought Plaintiff had placed his home under surveillance based upon the questioning.  Plaintiff also accused Mr. Vaughan of attempting to steal people's credit card information.  On November 27, 2017, Mr. Vaughan reported an account of this interaction to Provost Long.  He made a written report to Provost Kim Long on December 18, 2017.

**Lisa Deloach** filed a grievance concerning unfair treatment in the workplace.  She objected to the expansion of the Destiny Clark Title IX investigation.  She alleged that Mandy Greenfield had been open about her ability to manipulate people and have them fired.  Ms. Deloach stated Greenfield had mentioned that she and Plaintiff were ultimately targeting several highly ranked Newman officials in their investigations.  Ms. Deloach feared that she would be a target because she was not going along with Plaintiff and Greenfield's plan to "bring down" members of the Newman community.  Ms. Deloach's interactions and this situation made her fearful for herself and her children.

**Katie Link** reported to Jennifer Gantz between December 1, 2017 and December 7, 2017 that she was scared of Plaintiff, and that he was going to do something to her or Lisa Deloach.  She believed Plaintiff was acting unprofessionally and was very worried about what he is capable of doing.

On December 7, 2017, **Mike Duxler** reported to Mo Floyd regarding his concerns about Plaintiff.  Mr. Duxler reported that based on his past experiences with Plaintiff, he observed Plaintiff had begun behaving oddly, manipulating people, missing work, and creating conflict in the workplace.  Mr. Duxler observed Plaintiff begin to exhibit the same types of behaviors at Newman.  He was concerned that Plaintiff was someone that could return with a weapon and exact revenge on those he viewed had harmed him.  Mr. Duxler was concerned about his safety and safety of other faculty and staff members.

**On December 7, 2017, <u>Mo Floyd</u> reported serious concerns about Plaintiff to Kim Long, including that he viewed Plaintiff as a potential violent threat. Mr. Floyd reported to Kim Long that based on his conversations with Mr. Duxler, he believed that if Plaintiff were to be terminated for any reason, he may become violent. On December 13, 2017, Mr. Floyd filed a report concerning Title IX documents that Plaintiff demanded be turned over to him. Mr. Floyd was aware of interactions previously between Plaintiff and security officers in which Plaintiff was bullying the security officers about documents contained in their office. Mr. Floyd was further concerned that the interactions he had with Plaintiff would limit his ability to de-escalate a situation if a potentially violent situation was caused by Plaintiff. Further, Mr. Floyd recommended, based on his experience in law enforcement, that Plaintiff not be allowed to return to campus for the Spring semester. Mr. Floyd also reported Plaintiff was on campus during unusual times in the late evening and early morning hours between the dates of November 20, 2017 and December 5, 2017.**

**On December 10, 2017, <u>Dr. Jill Fort</u> reported her concerns to Provost Kim Long about safety on campus and Plaintiff. Dr. Fort also reported verbal complaints she had received from faculty and staff concerning Plaintiff.**

**On December 14, 2017, <u>Vic Trilli</u> reported to Provost Kim Long that his car was broken into. He reported that Title IX files had been strewn about his car. Further, Mr. Trilli reported that his assistants felt like they were being followed and were searching their offices for recording devices that may have been placed there.**

7.      Please identify each member of the Undergraduate Academic Council for the 2017-2018 academic year at Newman University.

**ANSWER:**

Objection: Plaintiff's request is over broad and requests information equally available to all parties. The Newman Undergraduate Academic Council consists of the Dean of Undergraduate Studies, the Registrar, the Director of the School of Education, the Director of the School of Nursing and Allied Health, and all division chairs in the School of Arts and Sciences. Plaintiff's request to identify each member of the Undergraduate Academic Council is not tailored to lead to the discovery of relevant or potentially relevant information. Plaintiff's request is wholly irrelevant to the claims and defenses being raised in this matter. Plaintiff was a member of the Newman University Staff at the beginning of the 2017-2018 academic year and has personal knowledge of who was on the Undergraduate Academic Council.

8. Please state all reasons that Plaintiff's teaching contract not renewed in 2018, and identify all individuals who participated in such decision.

**ANSWER:**

Objection: Plaintiff's request seeks information protected by the attorney-client privilege by requesting all reasons that Plaintiff's teaching contract was not renewed in 2018 and the identity of persons who participated in such decision. Defendant retained counsel to obtain legal advice concerning the non-renewal of Plaintiff's teaching contract. Information pertaining to privileged communications will not be provided.

Further, Plaintiff's request is overly broad and unduly burdensome. "[A] contention interrogatory which seeks 'all facts' . . . is overly broad and unduly burdensome on its face." *Western Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2001 WL 1723817, at *1 (D. Kan. Dec. 4 2001). An interrogatory may seek only the material or principal facts which support a

party's contentions in a lawsuit. *In re Urethane Antitrust Litig.*, No. 04-MD-1616-JWL, 2009 WL 2058759, at *2 (D. Kan. July 15, 2009). Defendant objects to the extent this interrogatory seeks any facts or identifications of persons or documents other than those that are consistent with the case law in this regard. Defendant does not represent that the answers herein are all facts that may support the decision not to renew his teaching contract.

Subject to the above limitation Defendant states:

Defendant identifies the information provided in response to Interrogatories Nos. 5 and 6 and incorporates those responses into its answer.

In May 2016, Plaintiff was recommended to continue his employment by the Faculty Evaluation Committee. However, the Committee adopted a recommendation that Plaintiff be placed on a performance improvement plan to address concerns of unprofessional behaviors that were inappropriate for faculty members including his interactions with colleagues and students.

Plaintiff had a history of conflict with his co-workers and supervisors. Plaintiff contributed to the termination of two faculty members in the six months preceding his non-reappointment. Defendant received multiple complaints from students concerning inappropriate, manipulative, and retaliatory behaviors towards students. One such student was very concerned that Plaintiff would see her complaint. Plaintiff was difficult to find during business hours and was not responsive to academic tasks. Plaintiff was documented as being on campus at unusual times during the night and early morning. Between October 2017 and December 2017 multiple faculty and staff members reported they felt unsafe and/or threatened by Plaintiff.

In August 2017, Plaintiff acted inappropriately by reporting a new hire, Kay Cherrieholmes, to the Behavioral Sciences Regulatory Board. Plaintiff's actions were inappropriate because he: 1) did not notify his chain of command of his belief that Ms. Cherrieholmes was not qualified for the position; 2) failed to follow his chain of command regarding the need to reassess her credentials; 3) used his relationship with Mandy Greenfield to access personnel information for which he had no authority to access; 4) in a communication with Ms. Cherrieholmes' former employer, he misrepresented that he had authority on behalf of Defendant to conduct a background and/or reference check; 5) unilaterally decided to report Ms. Cherrieholmes to the Behavioral Sciences Regulatory Board without notifying his supervisor; and 6) communicated his beliefs of Defendant's potential liability for hiring an unqualified person to his supervisor. The result of Plaintiff's actions had a chilling effect on Plaintiff's relationships with his co-workers and supervisor by harming any trust among the parties.

Plaintiff participated in an unwarranted expansion of the scope of the Title IX complaint filed by Destiny Clark. Plaintiff and Mandy Greenfield expanded the scope of the investigation beyond the reasonable facts and circumstances raised in Destiny Clark's complaint. Plaintiff's expansion of the Title IX investigation was an abuse of his responsibilities as an investigator.

On December 6, 2017, Plaintiff filed an incident report concerning the alleged theft of a notebook owned by Plaintiff which he left in the library following an interview. Plaintiff's response and his investigation of the alleged theft raised concerns about his ability to perform his job and was a factor in not renewing his teaching contract.

Even following his performance improvement plan, Plaintiff failed to act professionally and appropriately as is expected of a faculty member.

**Provost Kim Long made the decision to not renew Plaintiff's contract.**

9.     List of all outside vendors Newman University used for IT purposes, including any contract laborers, who had access to Newman University's electronically stored data from January 2017 to the present.

**ANSWER:**

**Defendant identifies the following vendors and contractors who provided support for IT purposes:**

> **DICE Communications — Provided IT support for telephone communications**
>
> **CableCom — Provided support for electronic card access for buildings on Campus**
>
> **Technowledge — provided support for IT infrastructure at a remote campus in Colorado Springs, Colorado**

10.    Please state the principal and material facts upon which you base your affirmative defense that Plaintiff's claims are barred by the doctrine of estoppel, unclean hands, waiver, and/or laches.

**ANSWER:**

**Defendant is currently unaware of responsive principal and material facts; however, on information and belief Defendant believes the principal and material facts will be derived throughout discovery in this case.**

11. Please state the principal and material facts upon which you base your affirmative defense that any damages suffered by Plaintiff, which Defendants deny, were caused in whole or in part by an intervening or supervening cause.

**ANSWER:**

**Defendant is currently unaware of responsive principal and material facts; however, on information and belief Defendant believes the principal and material facts will be derived throughout discovery in this case.**

12. Please state the principal and material facts upon which you base your affirmative defense that any damages suffered by Plaintiff, which Defendants deny, are the result of the acts or omissions of Plaintiff or others, over whom the Defendants had no control and for whom the Defendants have no responsibility.

**ANSWER:**

**Defendant is currently unaware of responsive principal and material facts; however, on information and belief Defendant believes the principal and material facts will be derived throughout discovery in this case.**

13. Please state the principal and material facts upon which you base your affirmative defense that Plaintiff's claims are barred, in whole or in part, by the doctrine of after-acquired evidence.

**ANSWER:**

**Defendant does not represent that the answers herein contain all facts that may support this contention.**

**One principal and material fact upon which this defense is based is that Plaintiff made material misrepresentations on his employment application for employment submitted to Defendant Newman on November 15, 2013. Plaintiff misrepresented the dates he worked at Community Care of Sedgwick County and whether he had ever been suspended, fired, or asked to resign from any position.**

/s/ Nanette Turner Kalcik
Alan L. Rupe, #08914
Nanette Turner Kalcik, KS #24030
LEWIS BRISBOIS BISGAARD & SMITH LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, Kansas 67206
Telephone: (316) 609-7900
Facsimile: (316) 462-5746
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com

*Attorney for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, 2019, I served the above Defendant's Objections and Answers to Plaintiff's First Interrogatories by electronic mail to

Sarah A. Brown
Dan Curry
Erin Vernon
Brown & Curry, LLC
sarah@brownandcurry.com
dan@brownandcurry.com
erin@brownandcurry.com

/s/ Nanette Turner Kalcik
Nanette Turner Kalcik

## VERIFICATION

STATE OF __KANSAS__ )
) ss:
COUNTY OF __SEDGWICK__ )

__TERESA HALL BARTELS__ who is the __CHAIR, BOARD OF TRUSTEES__ of Defendant Newman University, being of lawful age and first duly sworn, states that she/he has made and read the foregoing answers to the interrogatories, is familiar with their contents, and such answers are true and correct to the best of her/his knowledge, information and belief.

By: _/s/ Teresa Hall Bartels_

SUBSCRIBED AND SWORN to before me this 25th day of September, 2019.

Notary Public _/s/ Tracy L. McGarey_

My commission expires: August 16, 2020

TRACY L. MCGAREY
Notary Public, State of Kansas
My Appointment Expires
08/16/2020

4851-4784-7069.1

17