**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **JOHN WALKER,** | |
| **Plaintiff,** | |
| **v.** | **Case No.: 2:19-cv-02005-DDC-TJJ** |
| **NEWMAN UNIVERSITY, INC., and KIMBERLY MCDOWELL-LONG, an Individual,** | |
| **Defendants.** | |

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO**
**DEFENDANT'S THIRD REQUESTS FOR**
**PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Defendant Newman University, Inc., by the undersigned counsel, hereby propounds the following third requests for production of documents to Plaintiff John Walker to be answered or otherwise responded to as required by law within thirty (30) days after service thereof.

In responding to these requests, Plaintiff is required to furnish all information available to him, including information in the possession of his investigators, agents, representatives, attorneys, and any other person or persons acting on his behalf.

The requests which follow are to be considered as continuing, and Plaintiff is requested to provide by way of supplementary responses thereto such additional information as he or any other person acting on his behalf may hereinafter obtain which augments, changes, or otherwise modifies his responses now given to these requests below.

Each request not only calls for the knowledge of Plaintiff, but also for all knowledge that is available to him by reasonable inquiry, including inquiry of his representatives and attorneys.

EXHIBIT 1

## DEFINITIONS

1.      "You" and "Yours" means Plaintiff John Walker and all of his agents, representatives, attorneys, etc.

2.      "Persons" means natural persons, corporations, sole proprietorships, unions, associations, partnerships, federations, or any other entity.

3.      The term "identify" when used in reference to a natural person means to state to the fullest extent possible, his or her full name, present or last known address and telephone number.

4.      The term "identify" when used in reference to a document means to state the date, author and type of document (*e.g.*, letter, report, etc.), or to provide some other means of identifying the document, and to disclose the present location and custodian thereof.

5.      The term "document" has the same meaning as used in the English language. "Document" means any medium upon which intelligence or information can be recorded or retrieved, and includes, without limitation, the original or copies of any written, recorded or graphic matter, however produced or reproduced, including but not limited to any booklet, pamphlet, periodical, letter, correspondence, e-mail, telegram, invoice, contract, purchase order, estimate, report, memorandum, inter-office communication, working paper, record, study, paper, worksheet, cost sheet, estimating sheet, bid, bill, time card, work record, chart, graph, index, data sheet, data processing card or tape, recording, transcript thereof, photograph, object, or tangible thing and all other memorials of any conversations, meetings, and conferences, by telephone or otherwise, and any other writing or recording, which was in your possession, custody or control, in the possession, custody or control of your agents or attorneys, or which was but is no longer in your possession, custody and control, which would constitute or contain evidence relating to any matter which is relevant to the subject matter involved in this proceeding.

6.      The term "relating to" means refer to, discuss, describe, reflect, identify, deal with, consist of, explain, implement, compromise, or in any way pertain in whole or in part, directly or indirectly to the subject.

7.      "Complaint" means the Third Amended Complaint filed in this case on October 2, 2019 in the U.S. District Court of Kansas.

9.      All other words herein shall have their meaning in the ordinary English usage. These requests are to be considered as being continuing in nature as requiring supplemental responses.

10.     If any information is withheld under claims of privilege, state the privilege invoked and identify the subject matter (without disclosure of its contents) of the information withheld sufficient to allow its description to the Court for ruling thereon.  Such description should include, but is not limited to, the identifications procedure specified in Paragraphs 3 and 4.

11.     Again, these requests are continuing and, therefore, require supplemental requests if Plaintiff obtains further information between the time that these answers are served and the time of trial.

## REQUESTS FOR PRODUCTION

**REQUEST NO. 32:**  Please produce any and all documents, photos, audio recordings, and videos You exchanged with, shared with, provided to, and/or received from Mandy Greenfield that relate to this action or the action brought by the aforementioned individual against Newman University, Inc. and within the time period of January 2017 to present.

**RESPONSE:**   **Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in October 2017, not January. Plaintiff objects to this request as being vague and ambiguous as he does not know what is being referred to as "the action brought by the aforementioned individual."  Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 33:**  Please produce any and all documents, photos, audio recordings, and videos You or Your agents or Your attorneys exchanged with, shared with, provided to, and/or received from Destiny Clark that relate to this action or the action brought by the aforementioned individual against Newman University, Inc. and within the time period of January 2017 to present.

**RESPONSE:**   **Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as duplicative of Defendant's Second Request for Production of Documents No. 28 and perhaps No. 29. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope, vague and ambiguous as he does not know what is being referred to as "the action brought by the aforementioned individual." Plaintiff**

objects to this request as not proportional to the needs of this case. **Privileged communications are being withheld.**

**REQUEST NO. 34:** Please produce any and all documents, photos, audio recordings, and videos You or Your agents or Your attorneys exchanged with, shared with, provided to, and/or received from Cindy Loutham that relate to this action or the action brought by the aforementioned individual against Newman University, Inc. and within the time period of January 2017 to present.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties.  Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope, vague and ambiguous as he does not know what is being referred to as "the action brought by the aforementioned individual." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 35:** Please produce any and all documents, photos, audio recordings, and videos You or Your agents or Your attorneys exchanged with, shared with, provided to, and/or received from Sue Ellen Gardner that relate to this action or the action brought by the aforementioned individual against Newman University, Inc. and within the time period of January 2017 to present.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties.  Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope, vague and ambiguous as he does not know what is being referred to as "the action brought**

by the aforementioned individual." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld. Finally, Plaintiff objects as this request shows an inherent conflict of interest as Defendant's law firm, Lewis Brisbois, previously represented Sue Gardner in her unemployment claims against Newman University, and after accusing Newman of fabricating evidence, withdrew from Gardner's representation. Newman's attorneys have possession of documents relating to their representation of Gardner against Newman.

**REQUEST NO. 36:**  Please produce any and all audio recordings and videos in Your or Your agents or Your attorneys' possession that relate to this lawsuit, including those that support Plaintiff's claims or Defendant's defenses.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications, protected work product or attempts to infringe upon the common interest doctrine between any parties.  Plaintiff objects to this request as overbroad and vague in that it is unclear what Defendant means by the phrase "relate to this lawsuit." Plaintiff also objects to this request as it is duplicative of Defendant's First Request for Production to Plaintiff No. 6.  Non-protected responsive recordings and videos have been previously produced  as shown on the log provided in response to Defendant's Second Set of Interrogatories No. 21, Bates #W05327.  Privileged communications are being withheld.**

**REQUEST NO. 37:**  Please produce any and all documents, photos, audio recordings, and videos Your or Your agents or Your attorneys, exchanged with, shared with, provided to, and/or received from Jennifer Hill; Corey Adams; McDonald Tinker, PA, and its agents and employees that relate to this action or the actions those individuals or entities participated in and/or brought against Newman University, Inc., specifically the action styled *Destiny Clark v. Newman University, Inc., et al.* and within the time period of January 2017 to present.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected**

**from discovery. Plaintiff objects to this request as duplicative of Defendant's Second Request for Production of Documents No. 28 and perhaps No. 29. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope as it broadly seeks all files "that relate to this action" or "the actions those individuals or entities participated in." Plaintiff objects to this request as being vague and ambiguous as he does not know who is being referred to as "the actions those individuals or entities participated in." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 38:** Please produce any and all documents, photos, audio recordings, and videos Your or Your agents or Your attorneys, exchanged with, shared with, provided to, and/or received from Sean McGivern; and Graybill & Hazlewood, LLC, and its agents and employees that relate to this action or the actions those individuals or entities participated in and/or brought against Newman University, Inc., specifically those actions styled *Cindy Loutham v. Newman University, Inc.*; and *Sue Ellen Gardner v. Newman University, Inc.* and within the time period of January 2017 to present.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope as it broadly seeks all files "that relate to this action" or that relate to "the actions those individuals or entities participated in." Plaintiff objects to this request as being vague and ambiguous as he does not know who is being referred to as "the actions those individuals or entities participated in." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld. Finally, Plaintiff objects as this request shows an inherent conflict of interest as Defendant's law firm, Lewis Brisbois, previously represented Sue Gardner in her unemployment claims against Newman University, and after accusing Newman of fabricating evidence, withdrew from Gardner's representation. Newman's attorneys have possession of documents relating to their representation of Gardner against Newman.**

**REQUEST NO. 39:** Please identify and produce any and all documents reflecting communications (including emails, text messages, and other electronic and non-electronic correspondence and including all attachments to that correspondence) by and between You or Your agents, in any combination, and Cindy Loutham that relate to this action or the action brought by the aforementioned individual against Newman University, Inc. and within the time period of January 2017 to present.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in early fall of 2017, not January and as overly broad in scope with respect to the phrase "that relate to this action." Plaintiff objects to this request as being vague and ambiguous as he does not know what is being referred to as "the action brought by the aforementioned individual." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 40:** Please identify and produce any and all documents reflecting communications (including emails, text messages, and other electronic and non-electronic correspondence and including all attachments to that correspondence) by and between You or Your agents, in any combination, and Sue Ellen Gardner that relate to this action or the action brought by the aforementioned individual against Newman University, Inc. and within the time period of January 2017 to present.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D).**

**Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in early fall of 2017, not January and as overly broad in scope with respect to the phrase "that relate to this action." Plaintiff objects to this request as being vague and ambiguous as he does not know what is being referred to as "the action brought by the aforementioned individual." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 41:** Please identify and produce any and all documents reflecting communications (including emails, text messages, and other electronic and non-electronic correspondence and including all attachments to that correspondence) by and between You or Your agents, in any combination, even if one or more of the following parties was not included in the communication, and Jennifer Hill; Corey Adams; McDonald Tinker, PA, and its agents and employees that relate to this action or the actions those individuals or entities participated in and/or brought against Newman University, Inc., specifically the action styled *Destiny Clark v. Newman University, Inc., et al.* and within the time period of January 2017 to present.

**RESPONSE:** **Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as duplicative of Defendant's Second Request for Production of Documents No. 28 and perhaps No. 29. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope as it broadly seeks all files "that relate to this action" and the phrase "or the actions those individuals or entities participated in." Plaintiff objects to this request as being vague and ambiguous as he does not know who is being referred to as "the actions those individuals or entities participated in." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 42:**   Please identify and produce any and all documents reflecting communications (including emails, text messages, and other electronic and non-electronic correspondence and including all attachments to that correspondence) by and between You or Your agents, in any combination, even if one or more of the following parties was not included in the communication, and Sean McGivern; and Graybill & Hazlewood, LLC, and its agents and employees that relate to this action or the actions those individuals or entities participated in and/or brought against Newman University, Inc., specifically those actions styled *Cindy Loutham v. Newman University, Inc.* and *Sue Ellen Gardner v. Newman University, Inc.* and within the time period of January 2017 to present.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope as it broadly seeks all files "that relate to this action" or "the actions those individuals or entities participated in." Plaintiff objects to this request as being vague and ambiguous as he does not know who is being referred to as "the actions those individuals or entities participated in."  Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld. Finally, Plaintiff objects as this request shows an inherent conflict of interest as Defendant's law firm, Lewis Brisbois, previously represented Sue Gardner in her unemployment claims against Newman University, and after accusing Newman of fabricating evidence, withdrew from Gardner's representation. Newman's attorneys have possession of documents relating to their representation of Gardner against Newman.**

**REQUEST NO. 43:** Please produce any and all draft documents and filings (including pleadings, motions, discovery or other like documents) that Your or Your agents or Your attorneys, exchanged with, shared with, provided to, and/or received from Jennifer Hill; Corey Adams;

McDonald Tinker, PA, and its agents and employees that relate to this action or the actions those individuals or entities participated in and/or brought against Newman University, Inc., specifically the action styled *Destiny Clark v. Newman University, Inc., et al.*

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties.  Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as duplicative of Defendant's Second Request for Production of Documents No. 28 and perhaps No. 29.  Plaintiff objects to this request as overly broad in time as it is unlimited and as overly broad in scope as it broadly seeks all files "that relate to this action" or "that relate to … the actions those individuals or entities participated in." Plaintiff objects to this request as being vague and ambiguous as he does not know who is being referred to as "the actions those individuals or entities participated in."  Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST  NO. 44:** Please produce any and all draft documents and filings (including pleadings, motions, discovery or other like documents) that Your or Your agents or Your attorneys, exchanged with, shared with, provided to, and/or received from Sean McGivern; and Graybill & Hazlewood, LLC, and its agents and employees that relate to this action or the actions those individuals or entities participated in and/or brought against Newman University, Inc., specifically those actions styled *Cindy Loutham v. Newman University, Inc.*; and *Sue Ellen Gardner v. Newman University, Inc.*

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties.  Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as overly broad in time as it is unlimited and**

**as overly broad in scope as it broadly seeks all files "that relate to this action" or "that relate to ... the actions those individuals or entities participated in." Plaintiff objects to this request as being vague and ambiguous as he does not know who is being referred to as "the actions those individuals or entities participated in." Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 45:** Please produce all non-privileged files in Your possession that You have prepared or otherwise possess that relate in any way to this action or the action brought by Mandy Greenfield against Newman University, Inc.  If privilege is claimed, identify the document, subject, creator, and to whom it was disseminated.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in scope as it broadly seeks all files "that relate in any way" to this action or "the action" brought by another individual – Mandy Greenfield. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 46:** Please produce all non-privileged files in Your possession that You have prepared or otherwise possess that relate in any way to this action or the action brought by Cindy Loutham against Newman University, Inc.  If privilege is claimed, identify the document, subject, creator, and to whom it was disseminated.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in scope as it broadly seeks all files "that relate in any way" to this action or "the action" brought by another individual – Cindy Louthan. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 47:** Please produce all non-privileged files in Your possession that You have prepared or otherwise possess that relate in any way to this action or the action brought by Sue Ellen Gardner against Newman University, Inc.  If privilege is claimed, identify the document, subject, creator, and to whom it was disseminated.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in scope as it broadly seeks all files "that relate in any way to this action" or to "the action brought" by another individual – Sue Ellen Gardner. Plaintiff objects to this request as not proportional to the needs of this case. Finally, Plaintiff objects as this request shows an inherent conflict of interest as Defendant's law firm, Lewis Brisbois, previously represented Sue Gardner in her unemployment claims against Newman University, and after accusing Newman of fabricating evidence, withdrew from Gardner's representation. Newman's attorneys have possession of documents relating to their representation of Gardner against Newman. Privileged communications are being withheld.**


**REQUEST NO. 48:** Please produce any statements, written, recorded, or otherwise memorialized, made by You that support Your claims or Defendant's defenses.  If privilege is claimed, identify the document, subject, creator, and to whom it was disseminated.

**RESPONSE:   Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff objects to this request as overly broad in scope with respect to the phrase "that support Your claims or Defendant's defenses" as it seeks any statements made by him, his agents, his representative or his attorneys that support his claims or Defendant's defenses without more specifically identifying the information sought. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**


**REQUEST NO. 49:** Please produce all documents and things that You took, in any format, from Newman University, Inc. at the conclusion of your employment with Newman University, Inc.

**RESPONSE:   Plaintiff objects to the extent this calls for trial and litigation preparation protected by the work product doctrine.  Plaintiff objects to this request as not proportional to the needs of this case.  Plaintiff further objects to this request as vague or ambiguous with**

respect to what Defendant means by "at the conclusion of your employment." Protected or privileged documents are being withheld.

**REQUEST NO. 50:** Please produce all text message correspondence in Your possession between You and any other person other than your attorney that relate to this lawsuit and within the time period of January 2017 to present.  If privilege is claimed, identify the document, subject, creator, and to whom it was disseminated.

**RESPONSE:**  Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the early fall of 2017, not January and as overly broad in scope as it broadly seeks all text messages "that relate to this lawsuit." Plaintiff also objects to this request as it is duplicative of Defendant's First Request for Production to Plaintiff Nos. 2, 3 and 4. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.

**REQUEST NO. 51:** Please produce downloaded versions or screen captures of your Facebook, Twitter, and Instagram activity and within the time period of January 2017 to present.

**RESPONSE:**  Plaintiff also objects to this request as it is duplicative of Defendant's First Request for Production to Plaintiff No. 18. Plaintiff objects to this request as not proportional to the needs of this case. Plaintiff objects to this request as overly broad in scope as it seeks private content entirely irrelevant to the issues in this case. Plaintiff objects to this request as overly broad in time as the events giving rise to this lawsuit began in the fall of 2017, not January.  Moreover, Plaintiff does not have Facebook, Twitter or Instagram activity.

**REQUEST NO. 52:** Please produce a screen capture of your Snapchat friends list.

**RESPONSE:**  Plaintiff objects to this request as not proportional to the needs of this case. Plaintiff does not have, nor has he ever had, a Snapchat friends list.

14

**REQUEST NO. 53:**  Please produce a screen capture of your Snapchat activity log for the entire viewable and available time within the Snapchat App.

**RESPONSE:  Plaintiff objects to this request as not proportional to the needs of this case. Plaintiff does not have, nor has he ever had, Snapchat activity.**

**REQUEST NO. 54:**  Please produce all documents and things received by any subpoenas You issued to any person or entity in relation to this lawsuit.

**RESPONSE:  None.**

**REQUEST NO. 55:** Please produce any and all Joint Prosecution Agreements prepared, executed, and/or entered into by and between You and Sean McGivern; and Graybill & Hazlewood, LLC, and its agents and employees that concern the common claims and legal interests of You, Mandy Greenfield, Destiny Clark, Cindy Loutham, and/or Sue Ellen Gardner with respect to Defendant Newman, Inc.  For the purposes of this Request, "Joint Prosecution Agreement" means any and all contracts or agreements or anything that purports to be a contract or agreement, whether oral or verbal, written or understood, whereby the parties to the agreement possess common interests in the litigation, individually and/or collectively, and therefore agree to share documents (as above defined) and information with each other concerning their common claims and legal interests notwithstanding any attorney-client privilege, work product protection, or other applicable privileges and protections.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected**

**from discovery. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 56:** Please produce any and all correspondence, notes, memoranda, letters, text messages, e-mails, and/or any other document which pertain to any Joint Prosecution Agreement in effect between You and Sean McGivern; and Graybill & Hazlewood, LLC, and its agents and employees and related to the instant action.  For the purposes of this Request, "Joint Prosecution Agreement" means any and all contracts or agreements or anything that purports to be a contract or agreement, whether oral or verbal, written or understood, whereby the parties to the agreement possess common interests in the litigation, individually and/or collectively, and therefore agree to share documents (as above defined) and information with each other concerning their common claims and legal interests notwithstanding any attorney-client privilege, work product protection, or other applicable privileges and protections.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Additionally, Plaintiff's attorneys' communications with consultants and experts, including other attorneys for the sole purpose of trial preparation are protected from discovery pursuant to Rule 26(b)(3) and (4)(D). Likewise, Plaintiff's counsel's communications as a consultant in other cases is also protected from discovery. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 57:** Please produce any and all recordings of conversations between Father Gile and Dr. Kim Long during the 2017-2018 academic year.

**RESPONSE: Plaintiff previously produced the one recording he received that was between Fr. Gile and Kim Long, Bates # W05326.**

**REQUEST NO. 58:** Please produce any and all documentation, notes, and/or recordings of You and Father Gile discussing student complaints about you during your employment at Newman.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in scope as it seeks documents that are not relevant to the issues in this case covering the entire duration of Plaintiff employment at Newman.  Plaintiff objects to this request as not proportional to the needs of this case or relevant to any issue in his lawsuit. Privileged communications are being withheld. Plaintiff previously produced non-privileged, relevant documents and recordings in his possession regarding the Darby complaint in the early fall of 2017. See e.g. Bates #s 3442-3447, 3624, 3667-3676, 3681-3686, 3786, 3799, 3802-3805, 3958, 3984-3985, 3989-3990, 4288-4290, 4296-4298.**

**REQUEST NO. 59:** Please produce any and all documentation, notes, and/or recordings of You and Father Gile discussing any issues with your performance as a faculty member during your employment at Newman.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad and not proportional to the needs of this case as it seeks information covering the entire duration of Plaintiff employment at Newman. Privileged communications are being withheld.**

**REQUEST NO. 60:** Please produce any and all documentation, notes, and/or recordings of You and Father Gile discussing any issues with your performance as a faculty member during your employment at Newman.

**RESPONSE: Objection. This request is duplicative as it is identical to Request No. 59. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad and not proportional to**

the needs of this case as it seeks information covering the entire duration of Plaintiff employment at Newman.

**REQUEST NO. 61:** Please produce any and all documentation, notes, and/or recordings of You and Father Gile discussing any issues with your performance as a faculty member during your employment at Newman.

**RESPONSE: Objection. This request is duplicative as it is identical to Request Nos. 59 and 60. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad and not proportional to the needs of this case as it seeks information covering the entire duration of Plaintiff employment at Newman.**

**REQUEST NO. 62:** Please produce any and all documentation, notes, and/or recordings of You and Newman students, faculty, staff, or administration regarding student complaints about you during your employment at Newman.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine. Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in time and scope as it seeks documents that are not relevant to the issues in this case covering the entire duration of Plaintiff employment at Newman. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 63:** Please produce any and all documentation, notes, and/or recordings of You and Newman students, faculty, staff, or administration regarding any issues with your performance as a faculty member during your tenure at Newman.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product**

doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in time and scope as it seeks documents that are not relevant to the issues in this case covering the entire duration of Plaintiff employment at Newman. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.

**REQUEST NO. 64:** Please produce any and all recordings you took of You and Kristi Edwards during your employment with Newman.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in time and scope as it seeks documents that are not relevant to the issues in this case over the duration of Plaintiff employment at Newman. Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld.**

**REQUEST NO. 65:** Please produce any and all documents which You possess that were created during your employment with Newman and relate to Newman, which you maintained copies of, electronically or otherwise, following your separation from Newman.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in time as Plaintiff worked for Newman for many years and this seeks information covering his entire employment. Plaintiff objects to this request as overly broad in scope with respect to the phrase "and relate to Newman." Plaintiff objects to this request as not proportional to the needs of this case as it seeks documents entirely irrelevant to the issues in this case. Privileged communications are being withheld.**

**REQUEST NO. 66:** Please produce any and all documents, notes, or correspondence relating to witnesses in the Title IX investigations in the 2017-2018 academic year.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for any attorney-client protected communications or trial and litigation preparation protected by the work product doctrine.  Plaintiff objects to this request as not proportional to the needs of this case. Privileged communications are being withheld. Plaintiff previously provided his documentation relating to the Title IX investigations he was involved with during the time period of October - December 2017 to the Lewis Brisbois law firm in December 2017 and again through discovery in this lawsuit in May 2019, January 2020 and February 2020.**

**REQUEST NO. 67:** Please produce any and all call records from October 2017 – present placed or received on any cell phone you utilize and identify entries that reflect communications with Newman affiliated individuals, including former and current faculty, former and current staff, former and current administration, and former and current students.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for trial and litigation preparation protected by the work product doctrine.  Plaintiff further objects to this Request to the extent it attempts to infringe upon the common interest doctrine between any parties. Plaintiff objects to this request as overly broad in scope as it seeks information unrelated to any issue in dispute in this lawsuit. Plaintiff objects to this request as it seeks evidence of private communications unrelated to this litigation and issues in this case and seeks to invade the privacy interests of non-parties to this litigation. Plaintiff objects as it would be burdensome to obtain and review years of call records and attempt to determine which, if any calls involved any such "Newman affiliated individuals." Plaintiff objects to this request as not proportional to the needs of this case. Protected or privileged documents are being withheld.**

**REQUEST NO. 68:** Please produce any and all text messages from October 2017 – present on any cell phone you utilize which reflect communications with Newman affiliated individuals, including former and current faculty, former and current staff, former and current administration, and former and current students.

**RESPONSE: Objection. Plaintiff objects to the extent this calls for trial and litigation preparation protected by the work product doctrine.  Plaintiff objects to this request as**

**overly broad in scope as it seeks information unrelated to any issue in dispute in this lawsuit. Plaintiff objects to this request as it seeks evidence of private text messages unrelated to this litigation and issues in this case and seeks to invade the privacy interests of non-parties to this litigation. Plaintiff objects as it would be burdensome to locate and review years of text messages and attempt to determine which, if any calls involved any such "Newman affiliated individuals." Plaintiff also objects to this request as it is duplicative of Defendant's First Request for Production to Plaintiff Nos. 2, 3 and 4. Plaintiff objects to this request as not proportional to the needs of this case. Protected or privileged documents are being withheld. Plaintiff has previously produced text messages in his possession that are relevant to the issues in this lawsuit.**

**REQUEST NO. 68:** Please produce any and all audio recordings of the November 14 and 15, 2017 interview by Plaintiff of Victor Trilli for the Clark complaint.  *See* Pl.'s Comp., at ¶ 50.

**RESPONSE:**  **These were previously produced. See Bates #'s 1873-1877, 3453.**

Respectfully Submitted,

/s/ Sarah A. Brown
Sarah A. Brown, KS # 12130
Erin Vernon, KS #25792 (Of Counsel)
Brown & Curry, LLC
1600 Genessee Street #956
Kansas City, MO 64102
(816) 756-5458
(816) 666-9596 (FAX)
sarah@brownandcurry.com
erin@brownandcurry.com

ATTORNEYS FOR PLAINTIFF

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2020 the foregoing document was served by electronic

mail upon the following attorneys of record:

Alan L. Rupe, #08914
Nanette Turner Kalcik, KS #24030
Ellen C. Rudolph, KS #27945
Colby Millard Everett, KS #28279
Lewis Brisbois Bisgaard & Smith, LLP
1605 N. Waterfront Parkway, Suite 150
Wichita, KS 67206
alan.rupe@lewisbrisbois.com
nanette.kalcik@lewisbrisbois.com
ellen.rudolph@lewisbrisbois.com
colby.everett@lewisbrisbois.com

ATTORNEYS FOR DEFENDANTS

*/s/ Sarah A. Brown*
ATTORNEY FOR PLAINTIFF