**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:19-cv-2005-DDC-TJJ |
| ) | |
| NEWMAN UNIVERSITY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Newman University's Motion for Protective Order (ECF No. 109). In its motion, Newman seeks an order relieving it from the obligation to conduct ESI searches and produce documents responsive to certain requests in Plaintiff's Second Request for Production of Documents to Defendant Newman University, Inc. Newman also asserts that by virtue of D. Kan. Rule 26.2, filing the instant motion stayed its duty to respond to the remaining requests in Plaintiff's Second Request for Production that are not at issue. Plaintiff opposes the motion. For the reasons set forth below, the Court will grant in part and deny in part the motion for protective order.

### I. Legal Standard for Protective Order

Newman seeks a protective order pursuant to Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part, that for good cause the court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters."[1] The party seeking the protective order has the burden of demonstrating good cause for

---

[1] Fed. R. Civ. P. 26(c)(1)(A).

1

it.[2] To establish good cause, the moving party must offer "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."[3] Even upon a showing of good cause, however, the Court also considers other factors that were or could have been presented by the party seeking discovery to determine whether the totality of the circumstances justifies the entry of a protective order.[4]

The court has broad discretion to decide when a protective order is appropriate and what degree of protection is warranted.[5] The Supreme Court has recognized that "[t]he trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."[6] Notwithstanding this broad grant of discretion, a court may issue a protective order *only* if the moving party demonstrates that the basis for the protective order falls within one of the specific categories enumerated in the Rule, *i.e.* that the requested order is necessary to protect the party from "annoyance, embarrassment, oppression, or undue burden or expense."[7]

## II.    Relevant Background

---

[2] *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 534 (D. Kan. 2003).

[3] *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

[4] *See Citimortgage, Inc. v. Sanders*, No. 11-CV-2540-EFM-GLR, 2012 WL 6024641, at *2 (D. Kan. Dec. 4, 2012).

[5] *MGP Ingredients, Inc. v. Mars, Inc.*, 245 F.R.D. 497, 500 (D. Kan. 2007) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).

[6] *Seattle Times*, 467 U.S. at 36.

[7] *ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135-JAR, 2007 WL 1652056, at *3 (D. Kan. June 6, 2007) (quoting Fed. R. Civ. P. 26(c)).

On February 4, 2020, Plaintiff served his second set of discovery requests (including Second Request for Production of Documents) on Defendant Newman. The undersigned Magistrate Judge granted Newman an extension of time, until March 26, 2020, to respond to the second set of discovery requests.[8] On March 23, the parties conferred regarding the ESI requests contained in Plaintiff's Second Request for Production of Documents, but the only agreement they reached is that Newman would produce calendar entries and not emails in response to RFP Nos. 16-22.[9] The parties also discussed but did not reach agreement on RFP Nos. 1, 33, 34, and 39. The Court finds that Newman has complied with the obligation to confer pursuant to D. Kan. Rule 37.2 with respect to RFP Nos. 1, 33, 34, and 39.

### III.  Specific Discovery Requests at Issue

RFP No. 1 seeks certain emails and text messages that contain Plaintiff's initials, "JW." RFP Nos. 33, 34, and 39 seek both emails and text messages between certain Newman personnel that contain designated search terms. But in describing the discovery burden from which it seeks protection, Newman addresses only email searches with no mention in its motion of text messages. Likewise, Newman's reply is silent on why it deserves protection from responding to requests for text messages. Accordingly, Newman has not met its burden to demonstrate it deserves protection from producing text messages. Moreover, the Court finds that the ubiquity of text messages as a method of communication is a sufficient basis to establish Plaintiff's entitlement to make the request, and Plaintiff is not required to demonstrate relevance. "Rule 26(c) does not provide for any type of order to protect a party from having to provide discovery

---

[8] ECF No. 107.

[9] The parties did agree to a new deadline of April 9, 2020, for Newman's answers to Plaintiff's Second Interrogatories.

on topics merely because those topics are overly broad or irrelevant, or because the requested discovery is not reasonably calculated to lead to the discovery of admissible evidence."[10] The Court finds that Newman has not shown good cause to be afforded protection from searching the designated individuals' text messages.[11]

In addition, D. Kan. Rule 26.2 does not justify Newman's unilateral decision to withhold its responses to the 35 remaining requests in Plaintiff's Second Request for Production. Newman cites no support for its assertion that the rule stays the entirety of the discovery. Instead, the rule states that "[t]he filing of a motion for a protective order . . . stays the discovery **at which the motion is directed** pending order of the court."[12] Newman's motion and the affidavit of its Chief Information Officer discuss the costs and burdens it has incurred in producing emails in response to Plaintiff's First Request for Production, and the costs and burdens it would incur if forced to produce emails in response to Plaintiff's Second Request for Production. The remaining requests do not seek email, and many do not seek ESI of any type. Newman offers no argument to support a stay of responding to the remaining requests. And in spite of its unsupported claim to the contrary, by failing to timely respond, Newman has waived its objections to RFP Nos. 2-32 and 35-38.

Because Newman was not permitted to withhold production, the Court will require Newman to produce all text messages responsive to RFP Nos. 33, 34, and 39 within one week of

---

[10] *Kan. Waste Water, Inc. v. Alliant Techsystems, Inc.*, No. 02-2605-JWL-DJW, 2005 WL 327144, at *2 (D. Kan. Feb. 3, 2005).

[11] The exception is the Court's finding below that RFP No. 1 is not proportional, thereby relieving Newman of the duty to search Kimberly Long's emails or text messages for "JW."

[12] D. Kan. Rule 26.2(a) (emphasis added).

the date of this order; and all non-privileged documents responsive to RFP Nos. 2-32 and 35-38 within one week of the date of this order.

### **RFP No. 1**

In RFP No. 1, Plaintiff asks: "For the period January 1, 2017 to present, produce all emails or text messages sent, received, or drafted (even if not sent) by Kim Long which contain 'JW'." Plaintiff explained to Newman's counsel the basis for the request. Plaintiff's counsel had observed a January 2020 employment discrimination trial in an action against Newman, where evidence revealed that in email messages to other Newman personnel, Kimberly Long referred to the plaintiff in that case by her initials. But Plaintiff also acknowledges that in the emails Newman produced in response to Plaintiff's First Request for Production, including from Kimberly Long's account, Plaintiff found no emails in which initials were used. Plaintiff offers no further argument to support his assertion that the request is proportional and not unduly burdensome.

The Court agrees that, standing alone, the fact that Long referred to another person in email messages by that person's initials does not provide a sufficient basis to suggest that conducting this search would be burdensome and not proportional to the needs of the case. But the Court is aware that Newman previously conducted an extensive search of Long's email account, and in the absence of any use of initials by Long or other Newman personnel whose emails were previously produced, the Court finds the request is not proportional. The Court will grant the motion with respect to RFP No. 1. Newman need not produce emails or text messages in response to this request.

### **RFP No. 33**

In RFP No. 33, Plaintiff asks: "For the period of October 1, 2017 to January 31, 2018, produce all emails or text messages between Fr. Gile and Kimberly Long that contain the

5

following [25] terms." One of the terms is Plaintiff's initials, JW. Newman asserts that searching for Plaintiff's initials is not proportional to the needs of the case, as Plaintiff has acknowledged that no email Newman produced in response to Plaintiff's First Request for Production includes a reference to Plaintiff by his initials. Newman also contends that its previous search of Kimberly Long's email account makes this request duplicative, and that searching Fr. Gile's email account for the first time would be overly burdensome because Plaintiff could have requested a search of the account for its First Request for Production.

In response, Plaintiff explains that during the January trial against Newman, he heard testimony and saw exhibits which revealed that Fr. Gile is Kimberly Long's confidante whom she relied upon for advice as she handled employee complaints and reports of discrimination. Plaintiff also offers to omit ten of the requested search terms with respect to Long's email account.[13]

Plaintiff has offered a reasonable explanation for seeking Fr. Gile's emails, and has limited the request to a single correspondent over a span of four months. The Court finds Newman has not demonstrated undue burden or lack of proportionality with respect to Fr. Gile's email account.

Newman details the search it conducted of Long's email account in response to the First Request for Production, including the search terms used. While it is unclear whether Plaintiff acquiesced to the terms before the search began, Plaintiff does not dispute that he did not bring

---

[13] One of the ten is "JW." Plaintiff agreed to withdraw the inclusion of "JW" if Newman is ordered to respond to RFP No. 1, which asks for emails Kimberly Long sent, received, or drafted, between January 1, 2017 to present, which contain "JW." The Court has stated its finding that a search of Kimberly Long's emails for Plaintiff's initials is not proportional, and that Long's use of initials does not justify searching other email accounts for Plaintiff's initials. Accordingly, neither must Newman include "JW" in its search of Fr. Gile's emails.

the matter to the Court's attention in connection with the First Request for Production. Because of the near duplication between the first search and this request, and because the search of Fr. Gile's account will likely alert Plaintiff to any communications between Fr. Gile and Long on these topics, the Court finds that requiring Newman to conduct another search of Long's email account for these terms would be unduly burdensome and not proportional.

Accordingly, the Court will deny the motion with respect to RFP No. 33 insofar as it relates to Fr. Gile's emails (excluding a search for "JW" and accepting Plaintiff's limitations[14]), and will grant the motion as it relates to Kimberly Long's emails.

### RFP No. 34

This request includes eleven Newman personnel. It asks: "For the period of October 1, 2017 to January 31, 2018, produce all emails or text messages sent to or received by Jill Fort, Jennifer Gantz, Fr. Gile, Icer Vaughn, Noreen Carrocci, Teresa Hall Bartels, J.T. Klaus, Mo Floyd, Kimberly Long, Mike Duxler or David Shubert that contain the following [27] terms." Newman argues the request is duplicative of searches it conducted in response to Plaintiff's First Request for Production. Plaintiff disagrees and points out that Newman has never conducted a search of the email accounts of five of the designated individuals: Fr. Gile, Teresa Hall Bartels, J.T. Klaus, Mike Duxler, or David Shubert.[15] In addition, Plaintiff offers to withdraw the request for four of the search terms.

Through this request, Plaintiff seeks to discover who perceived or determined Plaintiff was a threat. The terms Newman used in its earlier search would not necessarily have produced

---

[14] *See* ECF No. 120 at 8.

[15] Plaintiff also includes Rosemary Niedens in this list, but her name does not appear in RFP No. 34.

such a result. However, given the number of search terms included in this request and the Court's ruling on the following request (RFP No. 39) which likely will capture much of what is requested here, the Court will grant Newman's motion with respect to Jill Fort, Jennifer Gantz, Icer Vaughn, Noreen Carrocci, Mo Floyd, and Kimberly Long. But the request could not be duplicative with respect to email accounts Newman has not previously searched, and the Court will deny the motion with respect to searches of the email accounts of Fr. Gile, Teresa Hall Bartels, J.T. Klaus, Mike Duxler, and David Shubert. The search shall be modified as Plaintiff suggests and shall exclude "JW."[16]

### RFP No. 39

In a similar vein, RFP No. 39 asks: "For the period of January 3, 2018 to August 31, 2019, produce all emails or text messages sent to or received by Jill Fort, Jennifer Gantz, Fr. Gile, Icer Vaughn, Noreen Carrocci, Teresa Hall Bartels, J.T. Klaus, Mo Floyd, Kimberly Long, Rosemary Niedens, Mike Duxler or David Shubert that contain the following [17] terms." The focus of this request is to learn who has knowledge that Plaintiff was perceived as a threat to Newman and Kimberly Long, and efforts or recommendations to seek a protection from stalking order against Plaintiff. Newman's motion argues without specificity that the request is duplicative, but there is no overlap between these terms and the terms Newman used in its first search. Indeed, other than the name "Walker," no term that Newman previously searched is related to threats or a protection from stalking order.[17] Plaintiff confirms that Newman has not produced emails, or for that matter any discovery, related to the counts alleging abuse of process

---

[16] *See* ECF N. 120 at 10.

[17] In addition, Newman has not previously searched the email accounts of Fr. Gile, Teresa Hall Bartels, J.T. Klaus, Rosemary Niedens, Mike Duxler, or David Shubert.

8

and malicious prosecution. And according to Plaintiff, Long testified that she communicated by email about Walker stalking her and her need for a protective order, thereby affirming the relevance of this request.

In its reply, Newman contends that because Plaintiff's Third Amended Complaint does not specifically allege every one of these individuals was involved in the alleged abuse of process or malicious prosecution, a protective order is warranted. The Court disagrees. Newman has not met its burden to show that the request is oppressive or unduly burdensome or expensive. The Court will deny the motion with respect to RFP No. 39, but the search shall be modified in the manner Plaintiff proposes and shall exclude "JW."[18]

**IT IS HEREBY ORDERED** that Defendant Newman University's Motion for Protective Order (ECF No. 109) is **GRANTED IN PART AND DENIED IN PART**. The motion is granted with respect to: (1) RFP No. 1; (2) the request for a search of Fr. Gile's emails in response to RFP No. 33 using the search term "JW;" (3) the request for an additional search of Kimberly Long's email account for documents responsive to RFP No. 33; (4) the request for a search of Jill Fort, Jennifer Gantz, Icer Vaughn, Noreen Carrocci, Mo Floyd, and Kimberly Long's email accounts for documents responsive to RFP No. 34; (5) using the search term "JW" in searches of Fr. Gile, Teresa Hall Bartels, J.T. Klaus, Mike Duxler, and David Shubert's emails for documents responsive to RFP No. 34; and (5) using the search term "JW" to search emails responsive to RFP No. 39. It is denied in all other respects.

**IT IS FURTHER ORDERED** that Newman University, Inc. has waived its objections to RFP Nos. 2-32 and 35-38.

---

[18] *See* ECF No. 120 at 11.

**IT IS FURTHER ORDERED** that Newman University, Inc. shall produce documents as follows: (1) all non-privileged emails responsive to RFP Nos. 33, 34, and 39 as limited herein **within fifteen business days of the date of this order**; (2) all text messages responsive to RFP Nos. 33, 34, and 39 **within one week of the date of this order**; and (3) all non-privileged documents responsive to RFP Nos. 2-32 and 35-38 **within one week of the date of this order**.[19] At the time of each production, Newman University, Inc. shall also produce a privilege log if it has withheld any responsive documents on the basis of privilege.

**IT IS SO ORDERED**.

Dated this 13th day of August, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[19] To the extent the parties have agreed that Newman will produce calendar entries, and not emails, in response to RFP Nos. 16-22, the Court will not interfere with their agreement.