IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN WALKER,** )<br>)<br>**Plaintiff,** )<br>v. )<br>)<br>**NEWMAN UNIVERSITY, INC., et al.,** )<br>)<br>**Defendants.** ) | Case No. 2:19-cv-2005-DDC-TJJ |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Extension of Time to Serve Expert Report (ECF No. 198). Although titled as a motion for extension of time, Plaintiff is seeking to amend the Scheduling Order to delay compliance with his deadline to complete expert disclosures. Plaintiff does so without acknowledging that Defendants would need an extension of their deadline to do the same, nor that the delay would not end there. The rest of the schedule in this case would be jeopardized. Defendants Newman University, Inc. and Kimberly McDowell-Long oppose the motion. For the reasons stated below, the Court denies the motion.

The Court needn't recount the many amendments to the scheduling order in this case, which now stands at a Fifth Amended Scheduling Order, nor the reasons for each amendment. Newman has correctly stated the history in its response, including the Court's stated intention that the current iteration is the terminal one.[1] Although some of the amended orders were the result of unopposed motions, each resulted from a proper *Plaintiff's* motion to amend. And in spite of its title, Plaintiff's current motion cannot realistically be viewed as anything other than a sixth motion to amend the scheduling order, which requires Plaintiff to demonstrate good cause.[2]

---

[1] *See* ECF No. 175 at 2. In addition, the Fourth Amended Scheduling Order strongly discouraged the parties from seeking further extensions. See ECF No. 124 at 2.

[2] *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

"The 'good cause' standard primarily considers the diligence of the party. The party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines."[3] A party does not establish good cause by demonstrating lack of prejudice to the opposing party.[4]

Plaintiff offers a single statement in support of his request, attributing his expert's inability to prepare his report to "current extraordinary and personal circumstances." He then conclusively states that "there should be no prejudice to Defendants caused by this request." But Newman and Long demonstrate to the contrary. First, Plaintiff makes no mention of Defendants' expert disclosure deadline, presumably and erroneously believing no extension would be necessary. A concomitant 30-day extension of Defendants' deadline would be necessary and justified. Second, the deadline for Defendants to obtain a Rule 35 examination of Plaintiff is December 18, 2020, or two days after the extension Plaintiff requests. Whether such examination(s) could proceed is questionable. The series of extensions that would be necessitated by granting Plaintiff's motion would ultimately result in yet another new trial date. Third, the parties are scheduled to mediate on December 8, 2020, and as it stands Defendants will be doing so without Plaintiff's expert report.

The Court is reminded that at one time Plaintiff insisted he needed greater than the allotted number of depositions for his expert to properly prepare a report. Yet when the Court denied without prejudice Plaintiff's motion on September 25, 2020, the issue did not arise again. Plaintiff acknowledges that his expert is the same person who prepared an expert report in *Greenfield v. Newman*, Case No. 18-cv-2655-DDC-TJJ, yet he offers no explanation for why the circumstances behind this motion prevented the expert from preparing this report. Neither does

---

[3] *Pulsecard, Inc. v. Discover Card Services, Inc.*, 168 F.R.D. 295, 301 (D. Kan. 1996) (internal citation omitted).

[4] *Id.*

2

Plaintiff explain why the report in this case was not substantially completed before the disclosure deadline that has been repeatedly extended. In other words, Plaintiff makes no showing of diligence. The Court does not attribute bad motive to Plaintiff's request, as Newman suggests, but likewise does not find that Plaintiff has demonstrated good cause. The Fifth Amended Scheduling Order is not a "frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."[5]

The Court will not strike Plaintiff's expert at this time. That issue should be separately presented in the form of a motion, particularly where the Court has directed Plaintiff not to file a reply in support of the instant motion.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Extension of Time to Serve Expert Report (ECF No. 198) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 24th day of November, 2020, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[5] *Deghand v. Wal-Mart Stores*, 904 F. Supp. 1218, 1221 (D. Kan. 1995).